
Eastern District of Kentucky
F I L E D
MAR 07 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**at PIKEVILLE**

**Civil Action No. 17-191-HRW**

**ROBERTA DOTSON**,                                         **PLAINTIFF,**

v.                 **MEMORANDUM OPINION AND ORDER**

**NANCY A. BERRYHILL,**
**ACTING COMMISSIONER OF SOCIAL SECURITY,**            **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits on September 18, 2014, alleging disability beginning on July 28, 2014, due to diabetes mellitus and associated conditions, heart problems, back pain, high cholesterol and hypertension. This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Nicolas Foster (hereinafter "ALJ").

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s)

must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff was 55 years old at the time she alleges she became disabled. She has a 11th grade education. Her past relevant work experience consists of work as a magistrate's assistant.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability.

The ALJ then determined, at Step 2, that Plaintiff suffers from ischemic heart disease, diabetes mellitus, lower limb fracture and osteoarthritis, which he found to be "severe" within the meaning of the Regulations.

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments.

The ALJ further found that Plaintiff could perform her past relevant work and also determined that she has the residual functional capacity ("RFC") to perform a range of light work, with certain limitations as set forth in the decision.

2

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the vocational expert, Kathleen Sampeck.

Accordingly, the ALJ found Plaintiff not to be disabled at Steps 4 and 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

On appeal, Plaintiff argues that the ALJ did not properly consider the medical opinions in the record. Specifically, she maintains that the ALJ erred by discounting the opinion of her treating physician, Abu Nadar, M.D. and the examination notes of Christian Christiansen, M.D.

"In order to determine whether the ALJ acted properly in disagreeing with a medical source, we must first determine the medical source's classification," *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir.2010), as "not all medical sources need be treated equally," *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir.2007). The Social Security regulations classify "acceptable medical sources into three types: nonexamining sources, nontreating (but examining) sources, and treating sources." *Id.* at 875. Generally, more weight is given to the medical "opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined [the claimant]." 20 C.F.R. § 404.1527(c)(1); *see also Norris v. Comm'r of Soc. Sec.*, 461 Fed.Appx. 433, 439 (6th Cir.2012) (noting that a nonexamining source's opinion is given less deference than an examining (but not treating) source's opinion, which is given less deference than a treating source). But "[i]n appropriate circumstances, opinions from State agency medical and psychological consultants ... may be entitled to greater weight than the opinions of treating or examining sources." SSR 96-6p, 1996 WL 374180, at *3. One such instance is where the "[s]tate agency medical or psychological consultant's opinion is based on a review of a complete case record that includes a medical report from a specialist in the individual's particular impairment which provides more detailed and comprehensive information than what was available to the individual's treating source." *Id.* "The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight [the ALJ] will give that opinion." 20 C.F.R. § 404.1527(c)(3).

Generally, more weight is given to opinions that are "more consistent ... with the record as a whole," *id.* § 404.1527(c)(4), and opinions of "a specialist about medical issues related to his or her area of specialty." *Id.* § 404.1527(c)(5).

The medical opinions in the record were submitted by a treating source, Dr. Nadar, and state agency physician, Douglas Back, M.D.

In October 2014, Plaintiff underwent an open reduction internal fixation of a bicondylar tibial plateau fracture with bone chips by Dr. Nadar (Tr. 879-880). With physical therapy, Plaintiff's left knee condition improved as she was able to ambulate full-weight bearing and, at times, was able to walk without a brace as reported in December 2015 (Tr. 1262). Dr. Nadar's February 2016 examination notes reflected no significant swelling and Plaintiff was able to fully extend and flex up to 115 degrees (Tr. 1260). In late February 2016, Dr. Nadar reported that considering the significant small fragments associated with Plaintiff's fracture, she would need knee replacement at some point, but he said, "at this time as she seems to be doing reasonably well, will hold any surgical recommendation" (Tr. 1260). Dr. Nadar's November 2016 treatment notes indicate that Plaintiff continued to do reasonably well, even ambulating without the brace. Dr. Nadar also noted that Plaintiff had a good range of motion and her joint was stable (Tr. 1259). Subsequent diagnostic imaging in early December 2016 showed posttraumatic arthritis in her left knee with valgus deformity (Tr. 1250-1251).

In April 2015, Dr. Nadar completed a Medical Source Statement (Tr. 939-944). Dr. Nadar noted that his assessment was provided primarily as it related to Plaintiff's left knee limitations (Tr. 944). Dr. Nadar opined that Plaintiff could frequently lift up to ten pounds, occasionally twenty pounds; sit for five hours in an eight-hour workday; stand for one hour in an

eight-hour workday; and walk for thirty minutes in an eight-hour workday; opining that she may

have to lay down during the remainder of the eight-hour period (Tr. 939-944).

In November 2014 and again in June 2015, State agency physician Douglas Back, M.D.,

opined that Plaintiff had abilities consistent with light work (occasional lifting and carrying of 20

pounds and 10 pounds frequently); standing or walking about six hours in an eight-hour

workday; and sitting about six hours in an eight-hour workday. Dr. Back opined that Plaintiff

could frequently climb ramps and stairs, but never climb ladders, ropes, and scaffolds.

Additionally, Dr. Back opined that Plaintiff had an unlimited capacity to balance; could

frequently stoop, kneel, crouch and crawl; had no manipulative limitations, but had

environmental limitations consisting of the avoidance of concentrated exposure to temperature

extremes, wetness and humidity, vibrations, and hazards such as machinery and heights (Tr.

255-257, 269-271).

The ALJ discounted Dr. Nadar's opinion of extreme functional limitation, finding it

based on limited objective data and inconsistent with the medical evidence in the record.  For

example, the report by Dr. Christiansen, upon which Plaintiff relies, does not include any specific

functional limitations. Further, his notes appear to be largely based upon Plaintiff's subjective

complaints.

The ALJ discussed relevant medical evidence, including the findings and/or opinions

from treating physicians, as well as the opinion of the State agency medical consultant, Dr. Back,

in reasonably determining that Plaintiff retained the RFC to perform work at the greatly reduced

light level of exertion with additional postural and environmental limitations.  The Court find no

error in this regard.

It is unclear from her submission to the Court upon what basis Plaintiff believes the ALJ's

assessment of her functional abilities was unreasonable in light of the probative evidence set

forth above. Instead, she simply states that the ALJ "glossed" over Drs. Nadar's and

Christensen's "opinions" and then concludes that the "case must be remanded back for proper

determination on the evidence." She neglects to support her claim of error with any cogent

discussion the evidence relied upon the ALJ. "It is not sufficient for a party to mention a

possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.'"

*McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997).

To the extent that she Plaintiff suggests that the evidence before the Court is open to

another interpretation that favors her claims, she misconstrues the standard of review. If the

Commissioner's decision denying benefits is supported by substantial evidence, as it is here, the

Court must affirm that decision. *Longworth v. Commissioner of Social Security*, 402 F.3d 591,

595 (6th Cir. 2005).

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the

record.

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary

Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be

**SUSTAINED.** A judgment in favor of the Defendant will be entered contemporaneously

herewith.

March 7, 2015.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge